IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

NOMA FLOYD LAWRENCE,

      Debtor.
                                  Case No. 05-06094-8-JRL
                                  Chapter 13

## ORDER

This case is before the court on the objection to confirmation filed by Morgan Printers, Inc. ("Morgan Printers"). On January 3, 2006, the court conducted a hearing on this matter in New Bern, North Carolina.

Morgan Printers asserts that the debtor's plan is not proposed in good faith and should be denied. Morgan Printers filed a claim in this case for $251,676.74. The claim is secured by a perfected judgment lien on the debtor's one-half, tenant-in-common interest in her residence. The debtor proposes to pay the secured portion of Morgan Printer's claim by selling the residence in July 2007 after her son completes high school. After claiming her property exemption under N.C. Gen. Stat. § 1C-1601(a)(1), the debtor asserts that the sale of the home will satisfy approximately $40,000.00 of Morgan Printer's secured claim. In addition, the debtor proposes a 36-month plan of $300.00 per month that will provide approximately $6,800.00 to Morgan Printers.

While working for Morgan Printers, the debtor embezzled money from the corporation. On August 8, 1994, Morgan Printers filed a civil suit against the debtor in the Superior Court of Pitt County. On

1

August 29, 1995, Morgan Printers obtained a civil judgment in the amount of $155,000.00 plus interest against the debtor.

On March 27, 1995, in the criminal action before the Superior Court of Pitt County, the debtor pleaded guilty to 12 felony counts of embezzlement. Morgan Printers contends that the debtor received a lighter sentence because she falsely represented to the court that she intended to repay the debt to Morgan Printers. The debtor served two years in prison. Thereafter, during her probationary period, the debtor paid $300.00 a month in restitution to Morgan Printers. At a hearing before the Superior Court of Pitt County, Morgan Printers urged the court to increase the monthly restitution amount. While the court declined to raise the monthly amount, it extended probation from five to eight years–the maximum probationary period. During that eight-year period, the debtor paid approximately $27,900.00 to Morgan Printers.

After serving her sentence, the debtor experienced difficulty finding gainful employment. The debtor is an event coordinator for Rock Springs Center in Greenville, North Carolina, and she supplements her income by baking cakes. The debtor has three children. As noted above, one child is in high school. The other two children are in college. The debtor asserts that she filed this case in good faith. She contends that, at her plea hearing in the Superior Court of Pitt County, she was sincere when she stated that she wanted to repay the debt. She hoped to obtain a sentence without imprisonment so that she could start making payments right away. During her two-year period of incarceration, she was unable to make any payments on the subject debt.

The court considers the totality of the circumstances when determining whether a plan is filed in good faith. In re Smith, 286 F.3d 461, 466 (7th Cir. 2002). Simply taking advantage of Chapter 13, prior to the effect of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, to discharge a

2

debt that is otherwise non-dischargeable under Chapter 7 is not indicative of bad faith. In re Nipper, 224 B.R. 756 (Bankr. E.D. Mo. 1998)(holding that debtor's Chapter 13 plan was filed in good faith even though the plan only proposed to pay a fraction of the embezzlement debt); In re Britt, 211 B.R. 74 (Bankr. M.D. Fla. 1997)(holding that Chapter 13 plan was proposed in good faith despite the fact that the plan discharged embezzlement debt found to be non-dischargeable in a Chapter 7 case). The court, after considering the totality of the circumstances, overrules Morgan Printer's objection to confirmation and grants the trustee's motion to confirm the Chapter 13 plan. The debtor served a two-year sentence and made payments toward the subject debt for the maximum probationary period of eight years. Now, she proposes a bankruptcy plan that will provide Morgan Printers approximately $6,800.00 in the plan and approximately $40,000.00 once her residence is sold. The debtor is a divorced mother of three on a fixed budget. The court finds that the debtor is trying to pay Morgan Printers within the reasonable limit of her ability, and it finds that the debtor proposes the Chapter 13 plan in good faith and by no means forbidden by law. 11 U.S.C. § 1325(a)(3).

**So Ordered.**

**Dated: January 30, 2006**

J. Rich Leonard
United States Bankruptcy Judge